IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| HUMANA INSURANCE COMPANY OF KENTUCKY, | ) ) ) | |
| Interpleader Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | |
| | ) | Case No. 10-CV-503 |
| M. E. M., by her Guardian SHAWNA M. MUNSON, and MICHAEL MCDANIEL, | ) ) ) ) | |
| Interpleader Defendants. | ) | |

## INTERPLEADER COMPLAINT

Humana Insurance Company of Kentucky ("Humana"), by its undersigned counsel, hereby files this Interpleader Complaint and avers as follows:

## JURISDICTION AND VENUE

1.    This is an interpleader action arising under Rule 22 of the Federal Rules of Civil Procedure involving conflicting claims to the proceeds of two life insurance policies.

2.    This Court has jurisdiction over this Interpleader Complaint pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(e), and 29 U.S.C. § 1144(a) as one or more of the policies under which benefits are payable is part of an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

3.     Venue is proper in the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e), because one or more of the defendants reside in this district and because a substantial part of the events giving rise to this claim occurred within this district.

## PARTIES

4. Interpleader Plaintiff Humana is an insurance company existing under the laws of the State of Kentucky and is authorized to do business in the State of Wisconsin with its home office at 500 W. Main Street, Louisville, Kentucky 40202.

5. Kelley E. McDaniel, the insured, now deceased, upon information and belief, resided at 1724 29th Street, Two Rivers, Wisconsin, prior to her death.

6. Interpleader Defendant M. E. M., a minor individual, resides at 1724 29th Street, Two Rivers, Wisconsin, and is the daughter of the decedent, Kelley E. McDaniel, and is the named beneficiary in each policy. Upon information and belief, on February 2, 2010, the Manitowoc County Circuit Court appointed Shawna M. Munson as Guardian for M. E. M. Shawna M. Munson, upon information and belief, resides at 2620 Sunset Drive, North Platte, Nebraska.

7. Interpleader Defendant, Michael McDaniel, an individual, upon information and belief, resides at 1724 29th Street, Two Rivers, Wisconsin, and is the husband of the decedent, Kelley E. McDaniel.

## FACTUAL ALLEGATIONS

8. Kelley E. McDaniel, died on March 22, 2009 in Manitowoc County, Wisconsin.

9. Through her employer, Humana, Kelley McDaniel's life was insured under a Basic Life Insurance Plan ("Basic Life Policy"), certificate number HO BASIC and group number H10002.

10. Through her employer, Humana, Kelley McDaniel's life was insured under a Voluntary Term Life Insurance Plan ("Voluntary Life Policy"), certificate number HO VOL EE and group number H10002.

11. Kelley McDaniel designated M. E. M. as the beneficiary of the Basic Life Policy and as the beneficiary of the Voluntary Life Policy.

12. As a result of Kelley McDaniel's death, the proceeds of the Basic Life Policy and Voluntary Life Policy (collectively, the "Policies"), in the total combined amount of approximately $551,000.00 ("Insurance Proceeds"), became payable.

13. On March 19, 2010, Michael McDaniel informed Humana that he asserted a claim to the proceeds under Chapter 766 of the Wisconsin Statutes.

14. On March 29, 2010, Royce E. Norman, attorney for Shawna M. Munson, asked Humana to forward the Insurance Proceeds, in the combined total amount of $551,138.00, to Shawna M. Munson as Guardian for M. E. M..

15. Accordingly, there are competing claims for the Insurance Proceeds due under the Policies from interpleader defendants M. E. M., by her Guardian Shawna M. Munson, and Michael McDaniel.

## COUNT I-FED. R. CIV. P. 22 INTERPLEADER

16. Humana incorporates paragraphs 1 through 15 of this Interpleader Complaint as if the same were set forth herein.

17. Humana claims no beneficial interest in the Insurance Proceeds, but is a mere stakeholder.

18. Humana acknowledges that it is obligated under the Policies to pay the Insurance Proceeds to the entitled recipient.

19. Because of the competing claims to the Insurance Proceeds, Humana is unable to determine which of the interpleader defendants is entitled to be paid and therefore is at risk for double, multiple, or inconsistent judgments.

20. Humana is ready, willing and able to pay the proceeds of the policies and accrued interest into the Registry of the Court, upon issuance of an order granting it permission to do so. With the filing of this Complaint for Interpleader, Humana moves for permission from the Court to deposit the Insurance Proceeds, including any accrued interest, with the Registry of the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure.

21. The Court is empowered, pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1144(a), and Fed. R. Civ. P. 22, to enjoin any claimant from filing or prosecuting a separate lawsuit relating to the Policies or the Insurance Proceeds, and to discharge Humana from further liability arising out of the Policies or the Insurance Proceeds. Accordingly, Humana is entitled to an order barring the defendants, and anyone directly or indirectly acting on their behalf, from prosecuting any action against it for the payment of said monies, as well as an order discharging it from further liability to any party.

22. In the alternative, Humana requests that the Court issue an order determining which interpleader defendant is entitled to the Insurance Proceeds so Humana can make payment accordingly.

**WHEREFORE,** Humana, Inc. respectfully requests that this Court enter an Order:

(a) directing Humana to deposit the Insurance Proceeds, plus any accrued interest, with the Clerk of Court into the Registry of this Court;

(b) discharging Humana from any and all liability related to the Insurance Proceeds due under the Policies;

(c) enjoining any parties, named or unnamed, from initiating any action against Humana regarding the Insurance Proceeds due under the Policies; and

(d) any other relief that this Court deems just and equitable.


Dated: June 16, 2010.  Respectfully Submitted

GODFREY & KAHN, S.C.


 *s/ Anthony J. Gaughan*
Todd G. Smith
State Bar No. 1031577
Anthony J. Gaughan
State Bar No. 1056509
One East Main Street, Suite 500
Madison, WI 53701
Tele: (608) 257-3911
Fax: (608) 257-0609
tsmith@gklaw.com
agaughan@gklaw.com


5015767_1